WILLIAM B. VREDENBERG v. JOHN W. JOHNSON.

This court will take cognizance of a cause where the amount in controversy appears to be more than ten pounds sterling, though it be not more than $50, to which amount a justice of the peace has jurisdiction.

1824.
March 26.

Jurisdiction.

THE bill was for relief against a judgment for $50, recovered in a justice's court, against the complainant, by means of a very gross fraud. The defendant demurred generally;

because the amount is within the limits of the jurisdiction of a justice of the peace.

Mr. Davis, for the demurrer, relied upon Moore v. Lyttle, 4 John. ch. 183.

Mr. I. Hamilton, contra. This is a case of a judgment obtained against the defendant by collusion and conspiracy. The plaintiff amused him, by pretending to negotiate for a settlement, while he had an agent who appeared before the justice, and obtained judgment.

In England, the general limitation is £10 sterling, or 40 shillings rent. But in cases of fraud, or of bills to establish a right, or in complicated cases, the court will entertain the bill, however small the amount. Coop. 165.; Bunb. 17.; Mitford Plead. 102 in the note.

If this court can not interpose, the complainant is remediless. The justice can not review his own judgment; and an appeal, under the late act, would be useless, because by that act we can introduce no new witnesses; and here the very fraud complained of prevented us from attending the trial with the witnesses. The late chancellor never decided this point. He even allowed the injunction provisionally, both in the present case, and in the one cited from 4 John. ch. 183.

I am possessed of a copy of a bill on which the late chancellor Livingston granted relief for a sum not much more than $25. It was for relief against a judgment obtained by a conspiracy like the present, in a court of common pleas, and in an action for a tort. Under our present law these judgments are a lien upon lands, which makes it much the more important that they should be the subject of relief.

The Court. This is a strong case. But the question concerns the general jurisdiction of the court, and is the more embarrassing, because we have no direct authority upon the point. There is no authentic public report of any decision in the times of chancellors Livingston or Lansing, and the case in 4 John. ch. does not determine the question.

March 29.

I feel sensibly the weight of the argument of inconvenience; the burden and expense of coming to this court in small suits, when the remedy may be worse than the disease.

1824.

VREDENBERG
v.
JOHNSON.

But still, what is the law of the court? The constitution and statute law say nothing on the subject. We are then carried back to the rule of the English court of chancery, which is £10, with the exception of fraud, &c. Here the amount is $50, which is more. I find myself compelled, therefore, though reluctantly, to adopt the rule of that court, which would entertain this suit, both on the ground of fraud, and of the amount in controversy.

Let the demurrer be overruled with costs, and the defendant answer in twenty days. (a)

(a) See Mitchel v. Tighe, p. 119.  2 Atk. 253.